UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:10-cr-110-jgm-5 |
| : | |
| ANTHONY CAROSELLA, : | |
| : | |
| Defendant. : | |
| : | |

ORDER
(Doc. 349)

On December 2, 2016, Anthony Carosella filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. 349.) The government opposes the motion (Doc. 354) and Carosella filed a reply (Doc. 355). For the reasons discussed below, Carosella's motion to reduce his sentence is denied.

On May 5, 2011, Carosella was sentenced to concurrent 120-month terms of imprisonment following his guilty pleas to conspiring to distribute heroin, armed robbery, and conspiracy to commit pharmacy burglaries (three separate offenses). (Doc. 55 (Judgment).)

Carosella asserts that, under 18 U.S.C. § 3582(c)(2), he was sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission. (Docs. 349, 355.) He further asserts a reduction of his sentence is appropriate in this case because of his record since being sentenced and seeks a reduction to the low-end of his proposed amended drug guideline range of 84-105 months. (Doc. 349 at 6-7.)

The government asserts the motion should be denied because, even considering the amendment to the guidelines, Carosella's guideline range remains the same 100-125 months and therefore no change to his sentence is allowed. (Doc. 354.)

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (internal quotation marks and citation omitted). "When the Sentencing Commission makes a Guidelines Amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that was based on the amended provision." Id. at 821. "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o)' and made retroactive pursuant to § 994(u)." Id. at 824 (quoting 18 U.S.C. § 3582(c)(2) (emphasis added)). The parties agree Amendment 782 to the Sentencing Guidelines reduced the base offense level for Carosella's drug offense by two and was made retroactively applicable by Amendment 788. (Docs. 349 at 3, 354 at 4; see also U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(a), (d) (U.S. Sentencing Comm'n 2016).)

To determine whether to grant a motion for a sentence reduction under § 3582(c)(2), the court must employ a two-step approach. Dillon, 560 U.S. at 827. The Court must first evaluate whether the defendant is eligible for a sentence reduction by calculating the amended guideline range that would have been applicable if the relevant amendment had been in effect at the time of sentencing. If the defendant is eligible for a reduction--because the amended guideline range is lower than the original guideline range--the court must then consider any applicable § 3553(a) factors and determine whether, in its discretion, a reduction is warranted in whole or in part under the particular circumstances of the case. See id.

At his 2011 sentencing, the Court determined Carosella's advisory Sentencing Guidelines range was 100-125 months, denied his request for a non-guideline sentence, and sentenced him to

120 months on each of the three counts of conviction, to be served concurrently. Carosella argues his amended guideline range is 84-105 months when considering Amendment 782 reduced the base offense level for his heroin offense by two levels. (Doc. 349 at 3.) The government argues Carosella's amended guideline range does not change because of the application of the grouping rules. (Doc. 354 at 5.)

      Carosella's amended guideline range calculation, taking into consideration the two-level decrease to the offense level of his drug conviction, is as follows. As a result of the three pharmacy burglaries, there were five groups in the guideline analysis: Group 1 (drugs); Group 2 (armed robbery); Group 3 (pharmacy burglary 1); Group 4 (pharmacy burglary 2) and Group 5 (pharmacy burglary 3). Although the drug amendment impacts the drug calculation, the guideline amendment reduction raises Carosella's exposure in the multiple-count grouping analysis under U.S.S.G. § 3.D1.4 (U.S. Sentencing Comm'n 2011):

| Group | Pre-Amendment | Post-Amendment |
|---|---|---|
| 1 Drug Conspiracy | 28 (1 Unit) | 26 (1 Unit) |
| 2 Armed Robbery | 25 (1 Unit) | 25 (1 Unit) |
| 3 Pharmacy Burglary 1 | 19 (0 Units) | 19 (1/2 Unit) |
| 4 Pharmacy Burglary 2 | 19 (0 Units) | 19 (1/2 Unit) |
| 5 Pharmacy Burglary 3 | 19 (0 Units) | 19 (1/2 Unit) |
| | | |
| Total Units: | +2 Units | +3.5 Units |
| Total Offense Level Increase: | +2 Levels | +4 Levels[1] |
| Total Offense Level | 30 | 30 |

Carosella's pre-amendment and post-amendment total offense levels--considering his three-level reduction for acceptance of responsibility--are the same at 27. The guideline imprisonment range

---

[1] See United States v. Aguilar, 663 Fed. App'x 41, 43 (2d Cir. 2016) (applying the grouping rules of U.S.S.G. § 3D1.4 when the amended differential in offense levels between groups was affected by the two-level reduction of Amendment 782).

for an offense level of 27 and Carosella's criminal history category IV is 100-125 months, the same range under which he was sentenced in 2011.

Based on the foregoing, Carosella does not benefit from the amendment to the drug quantity table because he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  Accordingly, a reduction in Carosella's term of imprisonment is not authorized by 18 U.S.C § 3582(c)(2) and Carosella's motion to reduce his sentence (Doc. 349) must be DENIED.  The Court notes Carosella's efforts since being incarcerated, including participating in therapeutic offerings, completing a drug education program and basic Spanish course, and keeping a clean discipline record, and encourages him to continue to better himself during the remainder of his sentence.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 16th day of March, 2017.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge
